### LESTER v. OTIS ELEVATOR CO.

(Supreme Court, Appellate Term, First Department. June 21, 1915.)

MASTER AND SERVANT ⟨⟩250¾, New, vol. 16 Key-No. Series—INJURIES TO SERVANT—WORKMEN'S COMPENSATION LAW—EFFECT OF.

Workmen's Compensation Law (Laws 1914, c. 41) § 10, declares that every employer, subject to the provisions of the chapter, shall compensate for injuries, though caused by a third person. Section 11 declares that the liability under the preceding section shall be exclusive, except that if the employer fails to comply with the statute, the injured employé may claim compensation under the act or sue for damages, in which case the defendant cannot avail himself of the defenses of fellow servant, assumption of risk or contributory negligence. Section 29 declares that if a workman entitled to compensation under the chapter shall be injured or killed by the negligence of another, not in the same employ, such workman, or in case of death, his dependents, may elect whether to take compensation under the chapter or pursue his remedy against the third person, that if he elect to take compensation under the chapter, the right of action against the third person shall be assigned to the state for the benefit of the insurance fund, if compensation be payable therefrom, otherwise to the person liable for such compensation, and that if the workman proceed against the third person, the state insurance fund or person liable shall contribute only to the deficiency, if any, between the recovery and the compensation provided. Plaintiff, who was engaged in an extrahazardous occupation, and whose employer had complied with the provisions of the act, was injured through the negligence of defendant, a third person. *Held*, that the provision that the remedy prescribed by the act should be exclusive applied only to actions by a workman against the master; hence the failure of plaintiff to make the election required was no defense to an action against defendant, although it will preclude plaintiff from claiming any deficiency from the state insurance fund, etc.

Whitaker, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by William Lester against the Otis Elevator Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Bertrand L. Pettigrew, of New York City (Walter L. Glenney, of New York City, of counsel), for appellant.

Edgar Weaver, of New York City, for respondent.

GUY, J. In this action to recover damages for personal injuries received by the plaintiff, an employé of Bing & Bing, in the course of his employment, arising out of what may be termed common-law negligence, judgment has been rendered in his favor against the defendant, Otis Elevator Company.

The work done by the plaintiff was hazardous employment within the meaning of the Workmen's Compensation Law, and his employers, when the action was brought, had complied with all the requirements of the act as to providing insurance for their employés. Section 29 of the statute is as follows:

"If a workman entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured workman, or in case of death, his dependents, shall, before any suit or claim under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission may by rule or regulation prescribe. If he elect to take compensation under this chapter, the cause of action against such other shall be assigned to the state for the benefit of the state insurance fund, if compensation be payable therefrom, and otherwise to the person * * * or corporation liable for the payment of such compensation, and if he elect to proceed against such other, the state insurance fund, person or association or corporation, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case. Such a cause of action assigned to the state may be prosecuted or compromised by the Commission. A compromise of any such cause of action by the workman or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of the Commission, if the deficiency of compensation would be payable from the state insurance fund, and otherwise with the written approval of the person, association or corporation liable to pay the same."

Prior to the commencement of this action the Commission had, by suitable rules and regulations, ordained the manner in which the election provided for in the foregoing section should be exercised; but the plaintiff brought suit without making the prescribed election, and the appellant claims that his failure to comply with the statute in this respect is fatal to the judgment.

Under section 10 the employers were required to compensate for the injuries, even though caused by a third party, and section 11 provides that the liability prescribed by section 10 "shall be exclusive," except that if the employer fails to comply with the statute the injured employé or his representatives may "elect to claim compensation" under the act or to maintain an action for damages on account of the injury, in which action the defendant cannot avail himself of the defenses that the injury was caused by the negligence of a fellow servant, or that the employé assumed the risk of his employment, or that the injury was due to his contributory negligence. Although section 11 states that the liability prescribed by the statute shall be exclusive, I am of the opinion that this refers solely to the liability of the employer, and that the act does not prevent an injured employé such as the plaintiff from seeking redress in a common-law action as against third parties causing his injuries.

A consideration of all the provisions of section 29 in connection with other parts of the act indicates that to carry out the scheme of subrogation provided for in that section, the "suit" referred to therein is any suit, whether pursuant to the act or otherwise; that an employé sustaining injuries in the course of his employment through the acts or defaults of a party other than his employer, and suing such party,

is required to make and signify his election in accordance with the statute and the rules and regulations of the Commission as a condition precedent to the collection through the Commission of any deficiency between the recovery in the action and the compensation provided for by the act; that, no such election having been made by the plaintiff, he has no right to such deficiency, if any, but that the failure to make the prescribed election in no way affects the judgment appealed from, which should be affirmed with costs.

Judgment affirmed with costs, with leave to defendant to appeal to the Appellate Division.

LEHMAN, J. (concurring). The plaintiff has recovered a judgment for injuries suffered through the negligence of the defendant's employés. At the time of the accident the plaintiff was working on a building which was being constructed by Bing & Bing, as general contractors, and the plaintiff was in their employ. The plaintiff's injuries resulted "from an accidental personal injury sustained by the employé, arising out of and in the course of his employment," within the meaning of section 10 of the Workmen's Compensation Law, and the plaintiff's employment was hazardous within the meaning of section 2 of the same law. His employers had complied with all the requirements in regard to insurance provided by that law, and undoubtedly the plaintiff could have obtained compensation by claim to the Commission. He preferred, however, to bring this suit against the defendant.

Section 11 of the Workmen's Compensation Law provides that "the liability presented by the last preceding section shall be exclusive," except that if an employer fails to secure the payment of compensation for his injured employés and their dependents, as provided in section 50 of this chapter, an injured employé or his legal representative in case death results from the injury may, at his option, elect to claim compensation under this chapter, or to maintain an action in the courts for damages on account of such injury, and in such an action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, or that the employé assumed the risk of his employment, or that the injury was due to the contributory negligence of the employé. The meaning of this section seems to me to be quite clear when read in conjunction with the remainder of the law. By virtue of section 10 a liability unknown to the common law was imposed upon employers in designated employments to pay compensation for practically all injuries sustained by an employé arising out of and in the course of his employment "without regard to fault as a cause of such injury." In other words the expense of compensating employés for all injuries sustained was made a burden upon the industry, and the old common-law doctrine that compensation can only be obtained from a party whose fault caused the injury was abandoned. In order to make the new system complete it was provided that this form of compensation should be "exclusive," except where the employer failed to secure the actual payment of this compensation to the employé as provided by law. By means of these sec-

tions the Legislature has attempted to solve the difficult problem of securing to the employé fair compensation for injuries. It has, however, merely attempted to deal with the liability of employers towards their employés, and while the new liability it has provided is declared to be "exclusive," it seems to me quite clear that the word "exclusive" refers only to the liability which the new law deals with, i. e.,. the liability of the employer to his employé, and that it would be absurd to hold that the Legislature had any intention of depriving an injured employé of any common-law rights against third parties. This construction is obviously borne out by the provisions of section 29 which reads as follows:

"Sec. 29. Subrogation to Remedies of Employé.—If a workman entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured workman, or in case of death, his dependents, shall, before any suit or claim under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission may by rule or regulation prescribe. If he elect to take compensation under this chapter, the cause of action against such other shall be assigned to the state for the benefit of the state insurance fund, if compensation be payable therefrom, and otherwise to the person * * * or corporation liable for the payment of such compensation, and if he elect to proceed against such other, the state insurance fund, person or association or corporation, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case. Such a cause of action assigned to the state may be prosecuted or compromised by the Commission. A compromise of any such cause of action by the workman or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of the Commission, if the deficiency of compensation would be payable from the state insurance fund, and otherwise with the written approval of the person, association or. corporation liable to pay the same."

Under this section it appears expressly that an employé has a right to "elect whether to take compensation under this chapter or to pursue his remedy against such other," and it follows therefore that the Workmen's Compensation Law has not deprived an injured employé of his common-law right of action against a negligent third party.

It is urged, however, that since this section provides that "such injured workman * * * shall, before any suit or claim under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other," the plaintiff in this common-law action must plead and prove that he has made such election in the manner prescribed by the rule or regulation of the Commission. It seems to me, however, that such a construction of this section is forced. The law requires an election only "before any suit or claim *under this chapter,*" and the words which I have italicized refer to and limit both the words "suit" and "claim." It seems to me that the words quoted, standing even alone, and the strict grammatical construction thereof, show that this was the meaning of the Legislature, and the whole tenor of the statute shows that this was the legislative purpose. As stated above, the only liability which the Legislature has

attempted to deal with is the liability of the employer. The statute in no wise attempts to regulate or change the ordinary common-law liability of other parties for their own negligence, but since the employer is made liable for injuries without regard to his fault, it properly provides that he or the fund or person or corporation ultimately liable shall be subrogated to the remedy which the employé may have against third parties, provided the employé elects to take compensation under the statute, or if the employé elects to proceed against a third person who is liable as at common law for his negligence, that such fund, person, or corporation shall be liable to compensate the employé only for the deficiency between the amount of recovery actually collected and the compensation provided by the statute.

The plain purpose of this section, it seems to me, therefore, is to give an employé injured through the negligence of a third party an election between a claim or suit against the employer under the new form of liability created by the statute and an action at common law against the negligent party; and, inasmuch as the negligent party should, in any event, be the person ultimately liable and the employer should, under no circumstances, be held to a liability beyond the compensation fixed by the statute, the statute provides that the party seeking to obtain any benefit from the statute shall, before suit or claim under the statute, make his election as to the form of remedy he will pursue, in order that the employer or the insurance fund shall not be forced to pay more than the established rate of compensation and shall be in a position to set off against this liability any recovery which can be enforced against a negligent third party. The very purpose of this section appears in the title of this section, viz.: "Subrogation to Remedies of Employé." I can see no reason why this section should be so construed as to provide that an employé, desiring to sue a third party must, before bringing such action, file as a condition precedent to enforcing his common-law rights an election to make his claim at common law. If we so construe the statute, it seems to me that we must hold that the Legislature has placed persons employed in certain hazardous occupations in one peculiar class, not only as regards their rights against their employers, where there is good ground for such classification, but also as against third parties guilty of negligence, where I can find no possible ground for such classification. The third party sued as at common law is, in any event, liable either to the injured employé or to his assignee, and in no event is he liable to both. As far as such person is concerned it is quite immaterial whether an election has been made or not, and we should not, I think, construe this statute in such manner as to limit the injured party's common-law right by requiring him to do any act under the Workmen's Compensation Act in order to enforce a liability which exists at common law. If the Legislature had intended to derogate in this particular from the common law it would have so provided in an explicit manner. If the plaintiff in this action should compromise the action for an amount less than the compensation provided by the statute, he would undoubtedly not be in a position to enforce under the statute any claim for the deficiency and there is some doubt as

to whether he has not forfeited all claim under the statute by bring-
ing this action without previously filing an election. That question,
however, I think, affects only his right to a suit or claim against the
employer, and not his right to a suit at common law.

Judgment should therefore be affirmed, with costs.

WHITAKER, J. (dissenting). In July, 1914, plaintiff was a "hod-
carrier" in the employ of Bing & Bing, building contractors. The
plaintiff was engaged in wheeling mortar to the bricklayers, pushing
his wheelbarrow over a runway or gangplank. The gangplank or run-
way went across the top of a hole. This hole was made by the defend-
ant, the Otis Elevator Company, for the purpose of installing an
elevator; it was required for the plunger of the elevator. The hole
was being dug by means of a core barrel, 16 inches in diameter by
20 feet in length. It was necessary at times to lift this core barrel
out of the hole. While so doing the plunger was placed upon the
plank or runway in such a way that the plank turned over or tipped up
and threw the plaintiff, who was standing thereon, into the hole. The
details of the accident and position of the plank, etc., were given in
full by plaintiff. And if the narration of the plaintiff as to the nature
of the runway, the work the defendant was engaged in and the man-
ner in which the accident happened were true, and the jury has found
that such narration was true, we think negligence upon the part of
the defendant was sufficiently shown to sustain the verdict of the jury.

The appellant asks for a reversal upon two grounds: First, that
the charge of the court was erroneous in not properly submitting to
the jury, as a question of fact, the defendant's alleged negligence.
We think the court did, in substance, charge the jury sufficiently upon
this point. The court stated to the jury:

"The main question here is whether this man was hurt through the careless-
ness or negligence of any one else. If he was hurt through his own careless-
ness or his own negligence, why of course he cannot recover."

The court then stated the facts alleged to constitute the negligence
complained of, and adds:

"Now if you first get settled through this testimony that that act was
brought about or occurred through no neglect of this plaintiff, then the next
question is, through whose neglect was it?"

The court also further stated:

"The neglect of this defendant is important. If this defendant was negli-
gent through its workmen in not safeguarding the appurtenances and appli-
ances of this construction company so that they would not injure them or the
men on them, they owe a responsibility, or take upon themselves the respon-
sibility, of any damages following this."

While not as explicit as it might have been made, I think it is fair
to assume that the jury understood that negligence on the part of the
defendant was required to be shown before plaintiff was entitled to a
verdict. The defendant took no exception to the portion of the charge
now complained of, and it is too late to raise the objection in this court.
The appeal is not from the order denying the defendant's motion for a
new trial, but from the judgment.

The other ground upon which defendant asks a reversal is stated in his brief as follows:

"The plaintiff failed to establish sufficient facts to constitute a cause of action by failing to allege and prove an election in accordance with the Workmen's Compensation Act."

In other words, inasmuch as the plaintiff and the firm for whom he was working came directly within the provisions of the Workmen's Compensation Act that, before plaintiff could recover from a "third person," to wit, the Otis Elevator Company, he was required to file a notice of election as required by section 29 of that act. The record discloses that plaintiff was in the employ of Bing & Bing, and not the defendant, the Otis Elevator Company, and that Bing & Bing, plaintiff's employers, were engaged in a character of business to which the Workmen's Compensation Act applies; that Bing & Bing had complied with the provisions of the act for the protection of both plaintiff and themselves, and all were subject to its provisions. Section 10 of the act, so far as material, provides as follows:

"Liability for Compensation.—Every employer subject to the provisions of this chapter shall pay or provide as required by this chapter compensation according to the schedules of this article for the disability or death of his employé resulting from an accidental personal injury sustained by the employé *arising out of and in the course of his employment,* without regard to fault as a cause of such injury. * * * *"

Section 11:

"Alternative Remedy.—The liability prescribed by the last preceding section shall be *exclusive,* except that if an employer fail to secure the payment of compensation for his injured employés and their dependents as provided in section 50 of this chapter, an injured employé, * * * may, at his option, elect to claim compensation under this chapter, or to maintain an action in the courts for damages * * * and in such an action * * * defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant or that the employé assumed the risk of his employment, or that the injury was due to the contributory negligence of the employé."

Section 50 referred to provides that employers must procure a fund applicable to the payment of the amounts awarded to the injured employé by the Commission, whose appointment is provided for in the act.

Section 52 provides that the failure of employers to secure the compensation "shall have the effect of enabling the injured employé" "to maintain an action for damages in the courts" as prescribed by section 11, which is above quoted.

It will be observed that under the provisions of section 11 it is only when the employer fails to comply with section 50, requiring the employer to secure funds, etc., that he is authorized to bring an action in the courts. Should the employer fail to provide the fund, as required by section 50, the employé may sue in the courts, and certain specified defenses of the employer are cut off, or the employé may file a claim instead of bringing a suit, and should he pursue the latter course, provision in subsequent portions of the act is made for procuring the payment of the schedule rate to the employé.

Section 18 provides that notice of an injury for which compensation is payable shall be given to the Commission and employer within 10 days after disability, and prescribes how the notice shall be given, etc. After the claim has been submitted to the Commission, full and ample provision is made for fixing the amount and securing payment to the person injured.

The above provisions are equally binding upon the employer and employés. And after the employer has conformed to the provisions of the act, in order to secure the payment of awards for injuries to the employés, the employés are precluded from bringing an action for damages. Not only does section 11 expressly provide that the liability of the employer shall be exclusive, but the tenor of the entire act indicates that such was its general purpose. To hold that the employé could elect to sue for an injury or accept the benefits of the act at his option would make the employer liable for every injury to the employé and take away from him all defenses with no reciprocal benefits in return.

Sections 29 and 67 provide as follows:

"Sec. 29. Subrogation to Remedies of Employé.—If a workman entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured workman, or in case of death, his dependents, shall, before any suit or claim under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission may rule or regulation prescribe."

"Section 67. Rules.—The Commission shall adopt reasonable rules, not inconsistent with this chapter, regulating and providing for   ·

"1. The kind and character of notices, and the service thereof, in case of accident and injury to employés;   *   *   *

"8. Carrying into effect the provisions of this chapter."

The Commission has adopted reasonable rules in reference to the form of the notice required and the service thereof.

Respondent maintains that this section does not apply to the present case; that the present action is not one under the terms of the act at all, but against a third party with whom the plaintiff had no contractual relation. If respondent's position is correct, section 29 becomes absolutely meaningless. This would be contrary to all rules of statutory construction. Respondent seeks to illustrate the soundness of his contention by instancing the case of an employé being injured while riding on a railroad train as a passenger for hire. This is not an analogous case. Such a case would not come within the terms of the section, for the reason that such an injury would not be one "arising out of and in the course of his employment." Plaintiff's injury did arise out of and in the course of his employment, and Bing & Bing, his employers, were required to compensate him for his injury. If respondent had been injured by a railroad company while traveling to and from the place of his employment, Bing & Bing would not be required to compensate him, under the provisions of the act, because plaintiff's injury would not have arisen out of and in the course of his employment.

Although in the case at bar the injury to plaintiff was caused by a "third party," that is, a party with whom plaintiff had no contractual relations, viz., the Otis Elevator Company, still Bing & Bing, his em-

ployers, would have been required to compensate plaintiff had he filed his claim and given the notice required. Under the provisions of section 29, however, plaintiff had his option to take compensation under the provisions of the Compensation Act from his employers, Bing & Bing, or to sue the person through whose negligence he was actually injured. In either case, however, he is required to serve notice of his election, in the manner prescribed by the Commission, and the Commission has duly and properly prescribed the manner in which such notice shall be given. Section 29 of the statute, no doubt, had in contemplation just such cases as the present, where different contractors are working upon the same structure, and there is a question as to which contractor is liable for the injury. . The liability of the employer and the remedy of the employé being exclusive, and the plaintiff's only remedy being under the statute, he was required to comply with the terms of the statute in order to be entitled to its benefits. The requirements of notice of election are, we think, conditions precedent, and should have been alleged in the complaint and proved upon the trial. Rosenstock v. City of N. Y., 97 App. Div. 337, 89 N. Y. Supp. 948, affirmed 181 N. Y. 550, 74 N. E. 1125.

Judgment should be reversed and complaint dismissed, with leave to plaintiff to apply to the Compensation Commission for such relief as the Commission may deem him entitled to.