(93 Misc. Rep. 118)

UNITED STATES FIDELITY & GUARANTY CO. v. NEW YORK RYS. CO.

(Supreme Court, Appellate Term, First Department.    January 4, 1916.)

1. MASTER AND SERVANT ⬮⇒250¾, New, vol. 16 Key-No. Series—INJURIES TO SERVANT—"CAUSE OF ACTION"—"SUBROGATION."

Workmen's Compensation Law (Consol. Laws, c. 67) § 29, entitled "Subrogation to Remedies of Employés," providing that an injured employé shall elect whether to take compensation under the act from the state or the insurer, or to sue the employer, and that if he takes under the act his cause of action shall be assigned to the state or the insurer, who may prosecute it against the person liable, does not permit recovery by the assignee of any surplus over the amount paid by it on the claim; the word "subrogation" being used, not in its primary sense of substitution, but in the sense of indemnification, and the mere fact that the "cause of action" is assigned does not permit excess recovery, since a cause of action implies a right to sue, a proper plaintiff, and a proper defendant, and the use of "subrogation" in the sense of indemnification limits the right to sue to the amount paid on the claim.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cause of Action; Subrogation.]

2. MASTER AND SERVANT ⬮⇒250¾, New, vol. 16 Key-No. Series—INJURIES TO SERVANT—SUBROGATION—ASSIGNMENT.

The general purpose of the entire act, as indicated by sections 95–97, regulating the premium rates and details of insurance under the act, is to provide insurance by the state and indemnification only of the state, and it applies as well to corporate insurers as to the state, so that they, on being assigned a cause of action, cannot recover a surplus over the amount paid a workman; such a right being inconsistent with that of the state.

3. MASTER AND SERVANT ⬮⇒250¾, New, vol. 16 Key-No. Series—WORKMEN'S COMPENSATION LAW—DEROGATION OF COMMON LAW OR THE STATUTES—CONSTRUCTION.

Since, under common law and Personal Property Law (Consol. Laws, c. 41) § 41, subd. 1, a claim for personal injuries is not transferable, Workmen's Compensation Law, § 29, making valid the assignment to the insurer of a workman's cause of action for personal injuries, must be limited to its particular purpose, and strictly construed against a change of existing law, and the intention, and not the terms used, will govern.

4. STATUTES ⬮⇒226—LAWS OF OTHER STATES—CONSTRUCTION.

Where, prior to enactment of the Workmen's Compensation Law, providing for subrogation of the insurer to the cause of action of the injured workman, statutes of other states provided for disposition of an excess recovered by the insurer over the amount paid the workman, and no similar provision was inserted in the act, that circumstance supports a construction that no such excess could be recovered under the law.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 307; Dec. Dig. ⬮⇒226.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the United States Fidelity & Guaranty Company against the New York Railways Company. Judgment for defendant. From an order denying its motion to set aside and amend the judgment, plaintiff appeals. Affirmed.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

⬮⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Leonidas Dennis, of New York City (William Shea, of counsel), for appellant.

James L. Quackenbush, of New York City (John Montgomery, of New York City, of counsel), for respondent.

GUY, J. [1] On or about July 20, 1914, Philip Magrino sustained injuries in a collision between his employer's truck, upon which he was riding, and one of defendant's street railway cars. The employé subsequently elected to take compensation under the Workmen's Compensation Law, and accordingly, pursuant to section 29 of that act, assigned his claim against the defendant to the plaintiff, the insurance corporation liable for the payment of the compensation. As assignee the plaintiff brought this action, and the trial court granted a nonsuit, for the sole reason that, in the opinion of the court, the plaintiff in an action of this character is entitled merely to be indemnified for the compensation paid under the law to the injured employé; plaintiff having waived any such recovery and insisted upon the right to recover the same damages which the employé would have been entitled to if he had sued the defendant.

That part of the Workmen's Compensation Law applicable is section 29, which reads:

"*Subrogation to Remedies of Employé.* If a workman entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured workman, or in case of death, his dependents, shall, before any suit or claim under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other. Such election shall be evidenced in such manner as the commission may by rule or regulation prescribe. If he elect to take compensation under this chapter, the cause of action against such other shall be assigned to the state for the benefit of the state insurance fund, if compensation be payable therefrom, and otherwise to the person or association or corporation liable for the payment of such compensation, and if he elect to proceed against such other, the state insurance fund, person or association or corporation, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case. Such a cause of action assigned to the state may be prosecuted or compromised by the commission. A compromise of any such cause of action by the workman or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of the Commission, if the deficiency of compensation would be payable from the state insurance fund, and otherwise with the written approval of the person, association or corporation liable to pay the same."

The learned trial justice regarded the use of the word "subrogation" by the Legislature as controlling in the disposition made of the controversy. It is contended by the appellant that, while ordinarily the word "subrogation," in technical parlance, connotes indemnification, the title of the section under consideration, being "Subrogation to Remedies of Employé," indicates that subrogation is used in its primary sense of substitution, so that the state or private insurer is, after election made to resort to the act, put in the same place the employé would have been if he had not availed himself of the provisions of the statute, and that the further provision that the "cause of action" shall be assigned to the insurer carries with it the right to recover, under such

assignment, all damages recoverable by the workman in the absence of an assignment. We do not consider this contention sound. " 'Cause of action' implies a right to bring an action, and some one who has a right to sue, and some one who may be lawfully sued." Patterson v. Patterson, 59 N. Y. 574, 17 Am. Rep. 384. The clause, read in conjunction with the title of the section, does not necessarily import a right on the part of the insurer, under his assignment, to recover all the damages which the workman might recover if he elected to pursue his remedy against the third party tort-feasor, but only such recovery as is consistent with the purpose clearly defined in the title; i. e., the purpose of "subrogation." Lester v. Ohio Elevator Co., 90 Misc. Rep. 649, 153 N. Y. Supp. 1058. Subrogation is defined in the Standard Dictionary as follows:

"The succession or substitution of one person or thing by or for another; in law, the putting of a person (as a surety) who has paid the debt of another in the place of the creditor to whom he has paid it, *so that he may use for his own indemnification* all the rights and remedies that the creditor possessed as against the debtor."

"The insurer, upon paying to the assured the amount of a loss  *  *  * insured, is doubtless subrogated in a corresponding amount to the assured's right of action against any other person responsible for the loss." St. Louis, etc., R. Co. v. Commercial Union Ins. Co., 139 U. S. 223, 235, 11 Sup. Ct. 554, 557 (35 L. Ed. 154).

[2] The general purpose of the statute is to establish a system of state insurance of employés engaged in hazardous employment, and to provide in connection therewith a system of indemnification of the state. That it does not contemplate an accumulation of surplus profits to be derived from assignments of causes of action for personal injuries is made evident by an examination of the provisions of sections 95 to 97, both inclusive. Section 95 provides that the premium rate shall be—

"*the lowest possible rate* consistent with the maintenance of a solvent state insurance fund and the creation of a reasonable surplus and reserve; and for such purpose [the Commission] may adopt a system of schedule rating in such a manner as to take account of the peculiar hazard of each individual risk."

Section 96 permits the formation of employers' associations for accident prevention, and provides that:

"Every such approved association may make recommendations to the Commission concerning the fixing of premiums for classes of hazards, and for individual risks within such group."

Section 97 provides for the keeping of a detailed system of accounts as to each group or class of employment, and for a readjustment, at certain fixed periods, of the rates for each particular class; and, where it appears that the payments in any particular class or group have, after appropriate credits to the surplus and reserve funds, exceeded the amount of disbursements for that particular class, vests in the Commission the discretion to credit each individual employer of such group or class with a proportionate amount of such excess upon the next payment of premiums which may become payable to him, and further provides, in subdivision 4, that where premiums are paid by the employer upon an estimated amount of wages, and it subsequently ap-

pears that the actual wages paid are less in amount than the estimate, such employer shall be entitled to receive a refund of such excess from the state insurance fund, or to have the amount of such excess credited on subsequent premiums as they become due. These provisions are in harmony with the amendment of the act (chapter 16, Laws 1914) requiring premium rates of corporations and associations transacting business under the act to be approved by the state superintendent of insurance "as adequate for the risks"; i. e., the liability to which such corporation or association may be subjected under its policy.

Construing section 29 in the light of the general purpose of the statute, it is evident, therefore, that the provision for "Subrogation to Remedies of Employés," and the assignment of the workmen's cause of action to the state, is for purpose of indemnification only; and it follows that the extension of the same provision to individual or corporate insurers is subject to the same limitation, namely, the full indemnification of the insurer, and no more. To hold otherwise would be to construe the act as requiring repayment by the state to employers of surplus funds derived from the prosecution of negligence cases by the state as the absolute assignee of injured employés, and permitting the retention of the surplus obtained in such cases by individual or corporate insurers. The statute surely does not contemplate the granting to individual or corporate insurers of rights inconsistent with the rights vested in the state under like conditions and inconsistent with the general purpose of the statute to be so construed as to open the door for speculative profit to the insurer, through subsequent litigation.

[3] Under both the common law as recognized in this state, as well as under the Personal Property Law (Consol. Laws, c. 41, § 41, subd. 1, formerly Code of Civil Procedure, § 1910), a claim or demand to recover damages for personal injury is not transferable, and while there can be no question of the power of the Legislature, by subsequent enactment, to specifically or impliedly repeal such provision of the Personal Property Law, the rules of statutory construction require that, so far as possible, the later enactment shall be construed harmoniously with existing law, and so far as the later enactment modifies the existing law it shall be limited in its applicability to the particular purpose for which the later statute was enacted. Kirby v. State, 68 Misc. Rep. 626, at page 633, 125 N. Y. Supp. 742. See, also, Howe v. Peckham, 10 Barb. 656.

"When the intention can be collected from the statute, words may be modified, altered, or supplied, so as to obviate any repugnancy or inconsistency with such intention." Lewis' Sutherland's Statutory Construction (2d Ed.) vol. 2, § 347. "The intention of an act will prevail over the literal sense of its terms." Id. § 348. "The presumption is that the lawmaker has a definite purpose in every enactment, and has adapted and formulated the subsidiary provisions in harmony with that purpose. * * * *That purpose is an implied limitation on the sense of general terms.*" Id. § 369. "Words or clauses may be enlarged or restricted to effectuate the intention or to harmonize them with other expressed provisions." Id. § 376. "A thing which is not within the intent and spirit of a statute is not within the statute, though within the letter." Id. § 379.

"The real intention, when accurately ascertained, will always prevail over the literal sense of terms. * * * Statutes are likewise to be construed

in reference to the principles of the common law; for it is not to be presumed that the Legislature intended to make any innovation upon the common law further than the case absolutely required." 1 Kent's Commentaries (14th Ed.) 462.

The purpose of the statute now under consideration being the establishing of a self-supporting state insurance fund for the compensation of employés in certain classes of employment and for the fixing of the lowest possible premium rates for employers consistent with such purpose, section 29 must be construed to that extent as only impliedly repealing or modifying the existing law as to the non-transferability of claims of this character.

[4] It is also a significant feature supporting this construction of the statute that, notwithstanding the previous enactment of statutes in California, Connecticut, New Jersey, Massachusetts, and other states containing provision for part payment to the injured employé, or for the retention in the state insurance fund of any surplus amount collected by the insurer in excess of indemnification, no such provision is found in the present statute.

The judgment should therefore be affirmed, with $25 costs. All concur.