JOSEPH SANTO, Plaintiff, *v.* A. SANTINI STORAGE COMPANY, INC., Defendant.

City Court of New York, Bronx County, January 4, 1932.

*Max Rettig*, for the plaintiff.

*Graham & Reynolds*, for the defendant.

DONNELLY, J. Plaintiff's action is against a third party not his employer.

The proposed supplemental answer, leave to serve which is sought on this motion, differs from the original answer only in the additional allegations setting forth the facts that an award of compensation has been made against the employer of the plaintiff in full for the injury, and that plaintiff has accepted the compensation in full payment thereof; that there is, therefore, an accord and satisfaction and that plaintiff is barred from maintaining the action against the defendant. Heretofore, the plaintiff, upon the complaint and original answer, moved for judgment thereon. The motion was denied, with leave to renew upon proper papers, by my colleague, Mr. Justice EVANS, who stated: " If the amount accepted was in full payment of the award, and the amount was in full payment for the injury, the facts should, at this stage of the litigation, be brought to the attention of the court by serving either an amended or supplemental answer, as the case may be, to which answer the court would undoubtedly compel the plaintiff to reply before trial, so that the matter could be disposed of on a motion before trial."

Plaintiff's objection to the pending motion is based upon the contention that there cannot be any assignment to the carrier

who paid the award, where the application for compensation was made after the commencement of the action and the award was made thereafter. The provisions of section 29 of the Workmen's Compensation Law (as amd. by Laws of 1924, chap. 499), therefore, according to plaintiff, do not affect his pending action. *Lester* v. *Otis Elevator Co.* (90 Misc. 649, 654, 657), cited by plaintiff's counsel, does not sustain this position. It was there held that while the Workmen's Compensation Law does not deprive an injured employee of his common-law right of action against a negligent third party, the latter, sued at common law, is, in any event, liable either to the injured employee or to his assignee, and in no event is he liable to both, and further, that so far as such person is concerned, it is quite immaterial whether an election is made or not. On appeal, by permission, the Appellate Division in this department held that if the employee claims compensation under the statute, and, as he may, brings an action against a third party, he is not entitled to damages and the statutory compensation at the same time (169 App. Div. 613, 617). Motion granted, with ten dollars costs. Supplemental answer to be served within five days after entry of this order, plaintiff to have six days thereafter within which to serve reply. Order filed.