Harry W. Davis, J.
Motions 23, 135 and 136 are considered together.
Plaintiff moves for summary judgment and for a dismissal of defendants’ counterclaims. Defendants Crown, O’Dwyer and Bernstein move for summary judgment and for an order of preclusion.
The essential facts are not in dispute. Richard Crown as a result of injuries sustained in his employment received workmen’s compensation benefits from- plaintiff, his company’s compensation carrier. He also retained O’Dwyer & Bernstein as his attorneys to bring a third-party action for negligence against Mimi Lepper who was covered by defendant .¿Etna Insurance Company. After trial in the Supreme Court, Kings County, the jury on November 13, 1967, brought in a verdict in favor of Crown for the sum of $25,000. Mimi Lepper appealed to the Appellate Division and on' June 18, 1969, the judgment was affirmed. (32 A D 2d 889.) The judgment was thereafter paid by ¿Etna for the full amount including costs, and interest from the date of entry of judgment.
The plaintiff claims that it paid workmen’s compensation benefits to Crown in the amount of $2,943.60 and the sum of $2,163.47 for medical treatment making in all the sum of $5,107.07. Under subdivision 1 of section 29 of the Workmen’s Compensation Law plaintiff had a lien for this amount.
In July 1969, after the checks in payment of the judgment were received by O’Dwyer and Bernstein, they questioned the amount of the lien but then decided that it would be more expedient to dispose of the matter by paying the face amount of the lien. They thereupon issued their check on July 21, 1969 to the plaintiff for the sum of $5,107.07, -the full amount of the lien. The check bore the inscription, ‘ ‘ Be: Bichard Crown — In full payment of Lien and any and all claims.” The plaintiff in due course received the proceeds of this check.
Some time later it brought this action to recover interest on its lien of $5,107.07. Plaintiff claims it is entitled to the interest from the date of entry of the judgment in the third-party action.
Under subdivision 1 of section 29 of the Workmen’s Compensation Law where an injured employee brings a third-party action against the one responsible for the compensable injuries the fund or carrier “ shall have a lien on the proceeds of any *554 recovery * * * whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney’s fees, incurred in effecting such recovery, to the extent of the total amount of compensation * * * and the expenses for medical treatment paid * * * and to such extent such recovery shall be deemed for the benefit of such fund * * * or carrier.”
The remarkable thing about this action is that there has never been one like it recorded in this State. It would be fair to assume that this situation has previously arisen in thousands of instances, yet no demand for, nor indeed a payment of, interest has ever been made. I have found no cases on this subject in New York and none has been called to my attention. One wonders why this has escaped previous attention.
Interest is neither due nor payable as a matter of right. On the contrary “ The general rule is that before interest can be awarded in any case it must be by virtue of contract, express or implied, or by virtue of some statute, or on account of the default of the party liable to pay, in which case it is allowed as damages for the default.” (32 N. Y. Jur., Interest and Usury, p. 18.) (See, also, New York State Thruway Auth. v. Hurd, 25 N Y 2d 150.)
There is, of course, no contract, express or implied authorizing the payment of interest. We must look therefore to the statute itself.
Section 29 of the Workmen’s Compensation Law merely provides for the lien. It does not provide for the lien and interest. There are some statutes, however, which do provide for ‘ ‘ a lien for the principal and interest.” (See Lien Law, § 3.) Section 29 has metamorphosed to its present form via a series of legislative changes over a period of many years. Not once, however, did the Legislature take up for consideration the question of interest on the lien. The intent of this section was clearly to reimburse the one making the compensation payments. It was obviously not intended to provide an increment to the fund or carrier.
In Matter of Curtin v. City of New York (287 N. Y. 338, 343) the court in referring to the lien portion of section 29 said: “ In that provision the Legislature has, in plain words, given recognition to the principle that where one person without fault incurs expenses in creating a fund which inures to the benefit of another, he should be reimbursed from that fund for the expenses incurred.”
Casualty Co. of Amer. v. Swett Elec. Light & Power Co. (174 App. Div. 825) involved in action brought under the then *555 existing section 29 which authorized an election of remedies. The widow of a deceased employee elected to take compensation under the Workmen’s Compensation Law and thereby assigned the cause of action against the third party to the insurance carrier. Upon the trial of the third-party action, the Trial Judge limited the recovery to the amount that had been paid by the carrier to the time of the commencement of the action. The Appellate Division disagreed with the lower court. In reversing, the court said (p. 829): “ Our suggestion is that the damages when recovered shall be regarded by the plaintiff as impressed with the trust to reimburse it for whatever moneys it may be called upon to pay to the widow and children, and, if in the end there shall be a surplus, to account for that surplus to the proper legal representatives of the deceased.”
United States Fid. & Guar. Co. v. New York Rys. Co. (93 Misc. 118) was also an action brought under the then existing section 29 which permitted an injured employee to make an election. The employee having elected to take compensation under the Workmen’s Compensation Law, his third-party claim was accordingly assigned to the plaintiff who brought an action against this defendant. The Appellate Term in construing section 29 said (pp. 121-122): ‘1 The general purpose of this statute is to establish a system of .state insurance of employees engaged in hazardous employment, and to provide in connection therewith a system of indemnification of the state. That it does not contemplate an accumulation of surplus profits to be derived from assignments of causes of action for personal injuries is made evident by an examination of the provisions of sections 95 to 97, both inclusive.”
And again, at page 123, the court said: “ Construing section 29 in the light of the general purpose of the statute, it is evident, therefore, that the provision for 1 Subrogation to remedies of empolyees,’ and the assignment of the workman’s cause of action to the state, is for the purpose of indemnification only; and it follows that the extension of the same provision to individual or corporate insurers is subject to the same limitation, namely, the full indemnification of the insurer, and no more.”
Arthur Larson in his treatise on The Law of Workmen’s Compensation states on this subject (vol. 2, § 74.32): “ If reimbursement is not promptly made, the insurer may be entitled to interest under the practice prevailing in the particular jurisdiction ”.
The plaintiff agrees, at least tacitly that there is neither statutory authority nor a practice in this jurisdiction for the *556 payment of interest. Counsel urges, however, that there is ease law which permits such payment of interest. He cites Candiano v. Moore-McCormack Lines (407 F. 2d 385). I do not believe that case to be determinative of the issue here.
There the plaintiff while employed by John W. McGrath Corporation (hereinafter referred to as Stevedore) was injured in his employment. He received workmen’s compensation from Stevedore. He also sued defendant (hereinafter referred to as Shipowner) claiming Shipowner’s negligence caused the injuries. Shipowner asserted a third-party claim against Stevedore alleging that Stevedore had breached a warranty to Shipowner. The trial court awarded plaintiff a judgment of $50,000 against Shipowner and also determined that Shipowner was entitled to a judgment in like amount against Stevedore. Stevedore undertook a series of unsuccessful appeals and after these were exhausted, Stevedore paid to plaintiff’s attorney the the sum of $48,116.52. This consisted of $42,207.89 (the $50,000 judgment less the compensation lien of $7,792.22) plus interest from the date of judgment was entered. Plaintiff demanded interest on the full amount but the court in denying this said as follows (p. 387): “It is clear that Shipowner owes interest on the entire judgment. Stevedore has a lien on the judgment as of the judgment date for what it has paid by way of compensation and medical expenses. Since interest is defined as compensation for the use of money * * * plaintiff has a right only to interest on the amount of the judgment he was rightly entitled to, but which was withheld from him. To allow Candiano interest on the lien held by Stevedore would be to give Candiano interest on money he was never deprived of.”
The court went on to cite Fireman’s Fund Ind. Co. v. Batts, a New Jersey case reported in 11 N. J. Super 242. The New Jersey statutes dealing with workmen’s compensation however are fundamentally different from our own (see N. J. Stat., § 34:15-40, subds. [b], [c] and [e]). The law there provides for reimbursement to the employer out of the third-party action but also requires the employer to pay a portion (up to one third) of the attorney’s fee for handling the third-party action. In our State there is no such provision in section 29 and our courts have held that without such a provision, “ the carrier is entitled to its full lien without any deduction for an attorney’s fee.” (Kussack v. Ring Constr. Corp. 1 A D 2d 634, 635, affd. 4 N Y 2d 1011.) Certainly, the carrier would receive doubtful solace from a provision authorizing 6% interest on its lien if it was required to pay up to 33%% of the- lien as an attorney’s fee.
*557 The rule in the Gandiano case must be limited to the facts there. Certainly, if the judgment were returned against Shipowner alone and paid by Shipowner it could not claim the benefit received by Stevedore.
I feel that if change as to the payment of interest must come, it will have to be by legislative fiat and not by judicial mandate. As the court said in the Kussack case (supra, p. 635): “If there is an injustice in permitting a carrier to reap the full benefit of its lien from a fund created by the efforts of an attorney without paying any part of his fee the remedy is with the Legislature.”
The plaintiff might be entitled to interest for the short period from the date of receipt of the payment on the judgment to July 21, 1969, the date O’Dwyer and Bernstein sent their check to the plaintiff. But, as to this there is a valid defense of accord and satisfaction. (Carlton Credit Corp. v. Atlantic Refining Co. 12 A D 2d 613, affd. 10 N Y 2d 723.)
The motions are therefore disposed of as follows. Plaintiff’s motion for summary judgment is denied; its motion to dismiss the counterclaims is granted on authority of Kussack (supra), and upon the further ground that this court has no jurisdiction; the motion of O’Dwyer and Bernstein to dismiss the complaint is granted and their motion to preclude is denied on the ground that it is now moot in view of the foregoing.